# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | |
|---|---|
| In re: | |
| GEORGE BROOKS SHEFFER and KARLA JEAN SHEFFER, | Case No.   08-11881-RGM (Chapter 7) |
| Debtors. | |
| BRANDON EDWARD LANDAS, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 09-1117 |
| GEORGE BROOKS SHEFFER and KARLA JEAN SHEFFER, | |
| Defendant. | |

## <u>MEMORANDUM OPINION</u>

THIS CASE was before the court on December 1, 2009, on Brandon E. Landas' motion for default judgment.

This case was filed on May 13, 2009.  On May 14, 2009, the clerk issued a summons to the plaintiff to be served by him.  The summons required an answer to be filed by June 14, 2009.  Mr. Landas filed a letter together with his proof of service on July 17, 2009.  (Docket Entry 6).  In the cover letter, he states that he mailed the summons on May 23, 2009.  Mr. Landas also attached a United States Postal Service mailing receipt showing a mailing on May 23, 2009.  The May 23, 2009 mailing shows that the item was mailed by certified mail.  The proof of service shows that he again mailed the summons and complaint on July 8, 2009.  It is clear that the debtors received one or the

1

other summons and complaint because they filed an answer on September 21, 2009.  (Docket

Entry 7).

There is some confusion as to the proper means of service, the time of service, and the time

for filing a response.          It does not appear that the initial summons was properly served by Mr.

Landas.  *See In re Frazier* 394 B.R. 399 (Bankr.E.D.Va. 2008).  The Federal Rules of Bankruptcy

Procedure permit service by first class mail on debtors.  First class mail, however, is not the same

as certified mail.  Certified mail imposes additional obligations and the mail may not be received

timely by the named recipient.  Here, while it is clear that the complaint was received by the

defendants, it is not clear when it was received.

The parties are clearly at issue and the matter is set for trial on January 21, 2010.  All parties

have filed the exhibits that they wish to use and may produce witnesses.  No subpoenas have  been

issued for witnesses.  If subpoenas are desired, they should be requested promptly.  Witnesses may

appear voluntarily without a subpoena, but the party takes the risk of non-appearance if they are not

subpoenaed.

In these circumstances, where both parties are representing themselves, it is preferable to

resolve the matter on the merits not on a default, particularly when the default is unclear.

Notwithstanding that the answer may have been late, it provided enough time for both parties to file

exhibits by December 1, 2009, and be prepared for trial on January 21, 2010.  For the foregoing

reasons, the motion for default judgment will be denied.

Alexandria, Virginia
December 3, 2009

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy mailed to:

2

Brandon Edward Landas
512 Sparkleberry Terrace, N.E.
Leesburg, Virginia 20176

George Brooks Sheffer
22822 Black Widow Drive
Tomball, Texas 77375

Karla Jean Sheffer
207 2nd Avenue, NW
Farley, Iowa 52046

15649